■ FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of EMPIRE STATE BANK, Appellant, v CENTRAL WINE & LIQUOR et al., Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered June 25, 1991 which, *inter alia,* denied the plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, unanimously reversed, on the law with costs, plaintiff's motion is granted and the clerk is directed to enter judgment in plaintiff's favor accordingly, with costs.

Defendant Kwan Il Lee is the owner and sole proprietor of Central Wine & Liquor. On or about December 23, 1988 Empire State Bank issued a cashier's check made out to the order of Central Wine & Liquor in the amount of $300,000. On or about that same date defendant Lee executed: (1) a promissory note agreement in favor of Empire State Bank in which he promised to repay the bank $300,000 "On Demand", (2) a continuing guarantee in which he guaranteed repayment of the $300,000 advanced to Central Wine & Liquor and (3) a hypothecation agreement and separate deposit assignment whereby Lee assigned to Empire State Bank a security interest in a Citibank certificate of deposit number 9479957074 in the amount of $218,755.11, bearing a maturity date of March 13, 1989.

On or about March 23, 1989, Central Wine & Liquor defaulted in its obligations to Empire. On or about July 28, 1989 the Superintendent of Banks of the State of New York declared Empire State Bank insolvent. Subsequently, the plaintiff Federal Deposit Insurance Corporation (FDIC) was appointed receiver of the bank and as liquidator became owner and holder of all of the bank's assets.

Plaintiff commenced this action by service of summons and notice of motion for summary judgment in lieu of complaint on September 4, 1990. In response the defendants raised defenses of fraud and lack of consideration and interposed a cross-motion seeking summary judgment in their favor. Defendant Lee specifically contended that Richard Kwang Ho Kim, chairman of the Board of Directors and acting president of

Empire State Bank and a friend of Mr. Lee, convinced him to accept the loan from the bank in order to purchase stock in the bank. Lee maintained that he reluctantly executed the loan documents listed above in blank, at his store, only after persistent persuasion by Mr. Kim and upon assurances from Kim's representatives, who brought the documents to his store, that the documents were only the loan application. Lee contended also that he never received the loan proceeds and that he attempted to cancel the loan and stock purchase shortly after he had signed what he believed was a loan application.

The defendant is estopped from asserting the defenses of fraud in the inducement and lack of consideration as against the FDIC, as receiver. In *D'Oench, Duhme & Co. v Federal Deposit Ins. Corp.* (315 US 447) and 12 USC § 1823, it was held that the FDIC was protected from affirmative claims, based upon unrecorded side agreements not contained in the bank's records *(see, Langley v Federal Deposit Ins. Corp.,* 484 US 86; *Federal Deposit Ins. Corp. v McClanahan,* 795 F2d 512). The rule established in *D'Oench (supra),* as codified and augmented by 12 USC § 1823, was meant to allow Federal and State bank examiners to rely on a bank's records in evaluating the worth of the bank's assets upon their examination of the bank for fiscal soundness *(Langley v Federal Deposit Ins. Corp., supra,* at 91). This State's law and policy in the area comports with the Federal law *(see, Franklin Natl. Bank v Skeist,* 49 AD2d 215).

In *D'Oench (supra,* at 458-459), the Supreme Court provided that the rule was applicable even in cases where the maker of the note was " 'very ignorant and ill-informed of the character of the transaction'," where the maker " 'may not have intended to deceive any person,' " and where "creditors may not have been deceived or specifically injured". Accordingly, it has been held that one who signs a facially unqualified note subject to an unwritten, unrecorded condition, or one who signs a note in blank, lends himself or herself to a scheme or arrangement that is likely to mislead the authorities and therefore is estopped from asserting fraud in the inducement and lack of consideration *(Langley v Federal Deposit Ins. Corp., supra; Federal Deposit Ins. Corp. v McClanahan, supra; Federal Deposit Ins. Corp. v Caporale,* 931 F2d 1).

Defendant Lee's claim that he was not fluent in English is also unavailing *(see, Federal Deposit Ins. Corp. v Kuang Hsung Chuang,* 690 F Supp 192), since the promissory note was denominated as such in Korean, directly beneath the same

written in English. We have reviewed the defendant's other claim and find it to be meritless. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Rubin, JJ.